Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 1 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 113   Filed 07/14/11   Page 1 of 16 PageID: 899
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 1 of 14 PageID: 864

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE:

FOSAMAX (ALENDRONATE SODIUM) PRODUCTS LIABILITY LITIGATION (No. II)
*This Document Relates To All Cases*

MDL No. 2243
Civ. No. 08-08(GEB) (LHG)

RECEIVED
JUL 14 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## [~~PROPOSED~~] CASE MANAGEMENT ORDER NO. 4
### (Pretrial Schedule)

It appearing that the civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multidistrict Litigation pursuant to its order of May 23, 2011, merit special attention as complex litigation, it is therefore ORDERED that:

### 1. APPLICABILITY OF ORDER

The provisions of this Order shall govern the practice and procedure in actions: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of May 23, 2011 listed on Schedule A; (2) all related actions alleging that the prescription medicine FOSAMAX® and/or alendronate sodium caused patients prescribed it to suffer femur fractures or similar bone injuries that were filed in the District of New Jersey and were previously before this Court; and (3) any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk will send a copy of this Order to counsel for any plaintiffs or newly named defendants in any case newly filed in or transferred to this Court. Moreover, all pending motions and outstanding discovery requests in the transferor courts are vacated and superseded by this Order and subsequent orders issued by this Court.

The civil actions listed on Schedule A are coordinated for pretrial purposes. Any "tag-

Case 1:08-cv-00008-KMW-MJS    Document 113    Filed 07/14/11    Page 2 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 113    Filed 07/14/11    Page 3 of 16 PageID: 901
Case 3:08-cv-00008-GEB -LHG   Document 108-1  Filed 07/13/11    Page 2 of 14 PageID: 865

along actions" later removed to or transferred to this Court, or directly filed in the District of New Jersey, will automatically be coordinated with this action without the necessity of future motions or orders. This coordination, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

2. **PRIOR SCHEDULING ORDERS VACATED**

To the extent that any case listed on Schedule A of the JPML Order of May 23, 2011 or any case subsequently filed in or transferred to this Court are subject to any case deadlines, hearing dates, or other scheduled dates, all deadlines and scheduled dates are hereby suspended and vacated. Hearing dates and scheduling deadlines applicable to cases included in MDL No. 2243 will be scheduled by this Court until such time as the case is remanded.

3. **POSITION STATEMENT**

Within twenty (20) days of an Order appointing the Plaintiffs' Steering Committee ("PSC"), plaintiffs and defendants shall each submit to the Court and exchange separate written statements indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. In particular, the parties should address such issues as relate to failure to warn claims, with respect to both the branded and generic manufacturers. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants. Submissions from each side are not to exceed twenty (20) double-spaced pages.

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 3 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 113   Filed 07/14/11   Page 4 of 16 PageID: 902
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 3 of 14 PageID: 866

### 4. DIRECT FILING OF CASES

Defendants other than Novartis stipulate that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any Fosamax-related cases filed directly in the District of New Jersey that emanate from districts outside the District of New Jersey and that would appropriately be included in this multidistrict litigation proceeding. Accordingly, a plaintiff may file any such complaint (in which Novartis is not named as a defendant) directly in the District of New Jersey.

### 5. APPEARANCE AND FILING AND SERVICE OF DOCUMENTS

In accordance with Rule 2.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, any attorney of record in an action transferred to the Court under 28 U.S.C. § 1407 shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceeding, provided that such counsel is admitted and in good standing in any federal district court. Association of local counsel is not required. Counsel are expected to familiarize themselves with prior court orders and proceedings as well as the local rules of the District of New Jersey. Any additional attorneys seeking to appear on behalf of the parties in this matter who are not admitted to practice in this District and did not enter an appearance prior to the transfer of the matter must make an application to this Court in accordance with L. Civ. R. 101.1, for *pro hac* admission in the master docket, Civil Action No. 08-08. Counsel are instructed to register for electronic notification. The registration form may be found on the District of New Jersey website at www.njd.uscourts.gov.

All documents filed in the MDL case and the underlying civil cases shall be filed electronically on the Court's ECF system. As previously ordered, *Molnar, et al. v. Merck & Co., Inc.*, (Civ. No. 08-08) (GEB) (hereinafter "*Molnar*"), is designated as lead civil action in MDL

-3-

BA2DOCS1\420483

Case 1:08-cv-00008-KMW-MJS Document 113 Filed 07/14/11 Page 4 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG Document 113 Filed 07/14/11 Page 5 of 16 PageID: 903
Case 3:08-cv-00008-GEB -LHG Document 108-1 Filed 07/13/11 Page 4 of 14 PageID: 867

No. 2243, and all documents shall be filed only under the master docket, Civil Action No. 08-08. Filing under *Molnar*, gives each party immediate access to all electronically filed cases and obviates the need to make personal service on the individual parties.

When a pleading or other court paper is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading or other paper is intended to apply to less than all cases, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by the last name of the named plaintiff(s) and the docket number(s) immediately after the words "This Document Relates to." Orders, pleadings, motions and other documents shall bear a caption similar to that of this Order. Documents shall be filed only under the master docket, Civil Action No. 08-08.

The Court will serve all orders through the ECF system. Plaintiffs' Lead and Liaison Counsel shall be responsible for providing copies of any order, pleading, motion, letter or other document to any plaintiff/plaintiff's counsel who does not receive service of the order through the ECF system. Per the Court's Electronic Case Filing Policies and Procedures found at www.njd.uscourts.gov/cm-ecf/FinalPoliciesProcedures2008.pdf, transmission of the Clerk's Notice of Electronic Filing of a document shall constitute a service of such document upon any filing user. Parties should be familiar with these procedures.

Documents applicable to all actions that are not filed with the Court, including discovery requests and responses, shall be served on Plaintiff Liaison Counsel, Merck Liaison Counsel, and Generics Defendant Liaison Counsel by both e-mail and first class mail. Documents applicable to a specific case that are not filed with the Court, including discovery requests and responses, shall be served on Plaintiff Liaison Counsel, Merck Liaison Counsel, Generics Defendant Liaison Counsel (if applicable), and counsel for the specific plaintiff(s) in that case. Plaintiffs'

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 5 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 900   Filed 07/14/11   Page 6 of 16 PageID: 904
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 5 of 14 PageID: 868

Liaison Counsel are James E. Cecchi, Esq., Carella, Byrne, Checchi, Olstein, Brody & Agnello, 5 Becker Farm Road, Roseland, New Jersey 07068, jcecchi@carellabyrne.com, and Christopher A. Seeger, Esq, Seeger Weiss, LLP, 550 Broad Street, Newark, New Jersey, cseeger@seegerweiss.com. Merck Liaison Counsel is Karen A. Confoy, Esq., Sterns & Weinroth, 50 West State Street, P. O. Box 129, Trenton, New Jersey 08607-1298, kconfoy@sternslaw.com. Generics Defendant Liaison Counsel are Glenn S. Kerner, Esq., Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, New York, 10018-1405, gkerner@goodwinprocter.com, and George E. McDavid, Reed Smith LLP, 136 Main Street, Suite 250, Princeton Forrestal Village, Princeton, NJ 08540, gmcdavid@reedsmith.com.

Should either party believe it necessary to alter the procedures described herein for service of documents not filed with the Court, the parties shall meet and confer to discuss whether and what alteration is appropriate.

6.   **ANSWERING COMPLAINTS**

Defendants shall have thirty (30) days from the date of docketing in this Court to answer, move with respect to, or otherwise respond to complaints in cases transferred to this Court where no answer has previously been filed in the transferor court or shall have thirty (30) days to answer, move with respect to, or otherwise respond to complaints after service, whichever is later. Local Civil Rule 6.1(b) regarding automatic extension of time to respond to complaints, shall apply.

BA2DOCS1\#420483

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 6 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 903   Filed 07/14/11   Page 7 of 16 PageID: 905
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 6 of 14 PageID: 869

7. **MOTIONS TO REMAND** *TO BE RAISED IN SEPTEMBER 2011 CONFERENCE*

**Defendants' Proposal:**

The Court expects that motions to remand will present overlapping challenges to the Court's subject matter jurisdiction. Accordingly, the Court will address Motions to Remand in a coordinated manner. For all cases transferred to this Court on or before December 31, 2011, remand motions shall be served on Defendants by January 20, 2012. Defendants shall serve their response to these remand motions on or before February 20, 2012. Plaintiffs may serve a reply on or before March 5, 2012. A hearing on those motions will be thereafter scheduled by the Court.

For each case transferred to this Court after December 31, 2011, on the last business day of June 2012 and every six (6) months thereafter, Defendants shall notify the Court of any new remand motions that have been filed. Defendants shall file and serve papers in opposition thereto within twenty (20) days. Plaintiffs who filed motions may serve and file reply papers within ten (10) days thereafter.

**Plaintiffs' Proposal:**

Motions to Remand shall be presented and heard in accordance with L. Civ. R. 7.1. In the event that the issues encompassed within Motions to Remand necessitate coordinated treatment, the Court will address the appropriate procedures for presenting Motions for Remand at such time.

*[Comment: The parties disagree over the treatment of Motions to Remand. Defendants believe it is most efficient to address Motions to Remand in a coordinated fashion, as described above. Plaintiffs contend that, absent an apparent need to defer or consolidate Motions to Remand, the Court should address each Motion to Remand in the normal course and schedule.]*

*THE COURT WILL ADDRESS THE MOTIONS TO REMAND IN A COORDINATED FASHION AND WILL SET DATES AT THE SEPTEMBER, 2011, CONFERENCE*

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 7 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 903   Filed 07/14/11   Page 8 of 16 PageID: 906
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 7 of 14 PageID: 870

8.     **REMAND STIPULATIONS**

In the event that a case is remanded to the transferor court, the parties shall furnish to the Clerk of the transferee court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the Clerk of the transferee court to comply with the order of remand.

9.     **EARLY DISCOVERY AND TRIAL CASES**

   9.1   **Selection of Early Discovery Cases**

All cases in which Merck is the only defendant that have been filed in, transferred to, or subject to transfer to this Court by September 14, 2011 are available for selection. Plaintiffs' counsel will make their best efforts to file any additional cases of which they are presently aware that will be part of this MDL by September 14, 2011. The parties will meet and confer regarding a process for the selection of 40 cases, a list of which shall be filed with the Court by September 23, 2011. Should the parties be unable to reach agreement on a process for selecting the 40 cases, the parties are to submit their respective proposals to the Court by August 22, 2011. In addition, the parties shall further meet and confer to address *Lexecon*-related issues with respect to the 40 cases selected for early discovery; should the parties be unable to agree with respect to this issue, the parties shall submit their respective proposals to the Court by August 22, 2011. Fact discovery in these 40 cases will be completed by July 31, 2012.

   9.2   **Process for Selection of Trial Candidates**

The Court intends to try bellwether cases in this litigation. The parties are to meet and confer on a process for selection of three or four cases for early trial ("Early Trial Cases") from those cases identified pursuant to Section 9.1 above; the trial case selection process used by the parties shall be structured such that the Early Trial Cases are identified by April 30, 2012.

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 8 of 15 PageID:
Case 3:08-cv-00008-GEB-LHG   Document 903   Filed 07/14/11   Page 9 of 16 PageID: 907
Case 3:08-cv-00008-GEB-LHG   Document 108-1   Filed 07/13/11   Page 8 of 14 PageID: 871

### 9.3 Expert and Pre-Trial Motions

A.  <u>Expert Discovery</u>   Expert discovery on general causation (i.e., whether Fosamax or alendronate can be a cause of femur fractures), as well as all expert discovery in the Early Trial Cases, should be completed by ~~December 14~~ November 28, 2012, in accordance with the following schedule:

~~September 10~~ August 31, 2012 – Plaintiffs' Rule 26(a)(2) disclosures shall be served.

~~October 15~~ October 1, 2012 – Merck's Rule 26(a)(2) disclosures shall be served.

~~November 12~~ October 26, 2012 – Depositions of Plaintiffs' experts shall be completed.

~~December 14~~ November 28, 2012 – Depositions of Merck's experts shall be completed

B.  <u>*Daubert* Motions</u>

Any *Daubert* motions on general causation or in the Early Trial Cases shall be filed by ~~January 4, 2013~~ December 3, 2012. Opposition briefs shall be filed by January 30, 2013, and reply briefs shall be filed by ~~February 13~~ January 17, 2013. A *Daubert* hearing ~~will be held in February 2013~~ may be scheduled at the court's discretion.

C.  <u>Dispositive Motions in the Early Trial Cases</u>

Dispositive motions in the Early Trial Cases shall be filed on ~~January 4, 2013~~ December 3, 2012. Opposition briefs shall be filed by January 30, 2013, and any reply briefs shall be filed by ~~February 13~~ January 17, 2013. Oral argument on any dispositive motions filed in the Early Trial Case with the earliest trial date ~~will be held in February 2013. A~~ may be scheduled at the court's discretion. A separate schedule will be issued for ~~oral argument on any dispositive motions filed in the remaining Early Trial Cases, as well as for~~ the timing of motions in limine to be filed in each of the Early Trial Cases.

### 9.4 Trial

The first trial shall begin on the first available date after March 1, 2013. While it is premature to make predictions regarding the anticipated length of trials, the parties have

-8-

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 9 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 904   Filed 07/14/11   Page 10 of 16 PageID: 908
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 9 of 14 PageID: 872

informed the Court that the four bellwether trials in the Fosamax ONJ MDL have each lasted approximately 3 weeks.

SO ORDERED. NEXT SCHEDULING AND CASE MANAGEMENT CONFERENCE SEPTEMBER 21, 2011 @ 1PM IN TRENTON

Dated: Trenton, New Jersey
July 13, 2011

_____
GARRETT E. BROWN, JR.
UNITED STATES DISTRICT JUDGE

Attachments

-9-

BA2DOCS1\#420483

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 10 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 905   Filed 07/14/11   Page 11 of 16 PageID: 909
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 10 of 14 PageID: 873

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX (ALENDRONATE SODIUM)
PRODUCTS LIABILITY LITIGATION (NO. II)                    MDL No. 2243

TRANSFER ORDER

    **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Merck Sharp & Dohme Corp. f/k/a Merck & Co., Inc. (Merck) moves for centralization of the 36 actions, pending in eight districts, listed on Schedule A in the District of New Jersey or, in the alternative, the Western District of Louisiana.[1]

    Plaintiff in the Eastern District of Louisiana potential tag-along action supports centralization in the Western District of Louisiana. Plaintiffs in the Southern District of New York and Eastern District of New York potential tag-along actions support centralization but initially suggested the Southern District of New York or, in the alternative, the Western District of Louisiana for transferee district. At oral argument, these plaintiffs fully supported centralization in the Western District of Louisiana. Similarly, plaintiff in the Northern District of Ohio potential tag-along action originally proposed centralization in the Northern District of Ohio, but supported centralization in the Western District of Louisiana at oral argument.

    Plaintiffs in the Middle District of Tennessee and the Eastern District of Missouri actions oppose centralization. In the alternative, plaintiffs in the Eastern District of Missouri action propose centralization of these actions in the Southern District of New York within MDL No. 1789 -- In re: Fosamax Products Liability Litigation or in the Eastern District of Missouri.[2] They also argue that their action should be excluded from any centralized proceedings until their motion to remand to state court has been decided.

---

   [*] Judge Barbara S. Jones took no part in the decision of this matter.

   [1] The parties have notified the Panel of nine related actions. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

   [2] As their third alternative, plaintiffs in the Eastern District of Missouri action support centralization in Southern District of Illinois as suggested by plaintiff in the Southern District of Illinois action.

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 11 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 908   Filed 07/14/11   Page 12 of 16 PageID: 910
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 11 of 14 PageID: 874

- 2 -

Plaintiff in the Southern District of Illinois action opposes centralization as well.[3] In the alternative, she suggests centralization in Southern District of Illinois. At oral argument this plaintiff also supported centralization in the Western District of Louisiana.

On the basis of the papers filed and hearing session held, we find that these 36 actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact arising from similar allegations that use of Fosamax or its generic equivalent caused femur fractures or similar bone injuries. Given that over 40 actions are pending in fourteen districts before fourteen judges, centralization is warranted and will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Some plaintiffs seek exclusion from centralized proceedings on the ground that their actions are too advanced to benefit from such proceedings and transfer at this stage would merely delay resolution of their actions. While the point at which an action should be excluded from centralized proceedings is not definite, neither of the actions sought to be excluded has progressed to that point. Discovery has only just begun in one of the actions, and significant pretrial proceedings remain in both actions. *See, e.g., In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009) (finding action not too far advanced to be included in centralized proceedings).

We also decline to exclude the Eastern District of Missouri action at this time. Plaintiffs in that action can proceed with their motion to remand to state court in the transferee district. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation given the number of cases pending there and the length of time some of those actions have been pending. The headquarters, witnesses and documents of the common defendant, Merck, are located within the District of New Jersey, and nearly two-thirds of the pending actions are already in this district before a single judge. In addition, the federal courthouse in Trenton, New Jersey, is relatively close to the state court in Atlantic City, New Jersey, where hundreds of related cases are pending. Centralization in this district could facilitate coordination between the federal and state courts. Centralization in this district also permits the Panel to assign the litigation to an experienced transferee judge who is already presiding over 27 actions in the District of Jersey.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Garrett E. Brown, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

---

[3] Plaintiff in the Southern District of Illinois action asserts that plaintiffs in twelve other actions oppose centralization.

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 12 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG   Document 903   Filed 07/14/11   Page 13 of 16 PageID: 911
Case 3:08-cv-00008-GEB -LHG   Document 108-1   Filed 07/13/11   Page 12 of 14 PageID: 875

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Paul J. Barbadoro

Case 1:08-cv-00008-KMW-MJS    Document 113    Filed 07/14/11    Page 13 of 15 PageID:
Case 3:08-cv-00008-GEB -LHG    Document 903    Filed 07/14/11    Page 14 of 16 PageID: 912
Case 3:08-cv-00008-GEB -LHG    Document 108-1    Filed 07/13/11    Page 13 of 14 PageID: 876

IN RE: FOSAMAX (ALENDRONATE SODIUM)
PRODUCTS LIABILITY LITIGATION (NO. II)                MDL No. 2243

## SCHEDULE A

### Middle District of Florida

Gloria Holbrook v. Merck & Co., Inc., C.A. No. 2:10-00422

### Southern District of Illinois

Betty Miller v. Merck & Co., Inc., C.A. No. 3:10-00117

### Eastern District of Kentucky

Lucille Collins v. Merck & Co., Inc., et al., C.A. No. 2:11-00044

### Western District of Louisiana

Janet Boudreaux, et al. v. Merck & Co., Inc., C.A. No. 6:10-00546

### Eastern District of Missouri

Patrick Welch, et al. v. Merck, Sharpe & Dohme, Corp., et al., C.A. No. 4:11-00535

Case 1:08-cv-00008-KMW-MJS   Document 113   Filed 07/14/11   Page 14 of 15 PageID:
Case 3:08-cv-00008-GEB-LHG   Document 109   Filed 07/14/11   Page 15 of 16 PageID: 913
Case 3:08-cv-00008-GEB-LHG   Document 108-1   Filed 07/13/11   Page 14 of 14 PageID: 877

- A2 -

### District of New Jersey

Phyllis Molnar, et al. v. Merck & Co., Inc., C.A. No. 3:08-00008
Margaret Gozdziak v. Merck & Co., Inc., C.A. No. 3:09-05630
Dolores Duke, et al. v. Merck & Co., Inc., C.A. No. 3:09-05693
Dolores Kuczajda, et al. v. Merck & Co., Inc., C.A. No. 3:10-00679
Susan Schultz v. Merck Sharp & Dohme, Corp., C.A. No. 3:10-03545
Cynthia Hines, et al. v. Merck & Co., Inc., C.A. No. 3:10-04839
Denise Libke, et al v. Merck Sharp & Dohme Corp., C.A. No. 3:10-04981
Joan Goodwin v. Merck & Co., Inc., et al., C.A. No. 3:10-05461
Barbara Moline, et al. v. Merck & Co., Inc., C.A. No. 3:10-05462
Elma Davis v. Merck & Co., Inc., C.A. No. 3:10-05694
Louella Lamirande v. Merck & Co., Inc., C.A. No. 3:10-06049
Kathryn Wheeler v. Merck & Co., Inc., C.A. No. 3:10-06282
Donna Shuler v. Merck & Co., Inc., C.A. No. 3:10-06315
Elayne Denker, et al. v. Merck & Co., Inc., et al., C.A. No. 3:11-00033
Nancy Heaton v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00570
Virginia Bonne v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00571
Carol Kreckler v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00585
Alice Lefebvre v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00586
Marie Hogan v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00587
Carol Reidy v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00588
Lillie Karch v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00589
Paul Roth v. Merck Sharp & Dohme Corp., C.A. No. 3:11-00590
Susan Walraed, et al. v. Merck & Co., Inc., C.A. No. 3:11-00869
Theresa Metz v. Merck Sharp & Dohme Corp., C.A. No. 3:11-01286
Lauren Kolb, et al. v. Merck & Co., Inc., et al., C.A. No. 3:11-01498
Debbie Prince, et al. v. Merck Sharp & Dohme Corp., C.A. No. 3:11-01529

### Southern District of New York

Virginia Lee Germino v. Merck & Co., Inc., C.A. 1:09-01185
Linette Santos-Meagher v. Merck & Co., Inc., C.A. No. 1:09-03644
Jeanette Chaires v. Merck & Co., Inc., C.A. No. 1:10-04893
Sheila Salvatore v. Merck & Co., Inc., C.A. No. 1:11-00492

### Middle District of Tennessee

Shirley Homler v. Merck Sharp & Dohme Corp., C.A. No. 3:10-01154