IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FOSAMAX (ALENDRONATE SODIUM): PRODUCTS LIABILITY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO: All Actions | MDL NO. 2243<br><br>Master Docket No. 08-08 (FLW)(LHG) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE THAT PLAINTIFF'S CLAIM IS NOT DEPENDENT ON THE FAILURE TO WARN CLAIMS THAT THE COURT FOUND PREEMPTED BY ITS MARCH 23, 2022, OPINION AND ORDER (Dkt. Nos. 4541, 4542) SHOULD NOT BE DISMISSED OR CONDITIONALLY DISMISSED**

Plaintiffs, Juanita Bordelon and Kenneth Bordelon (hereinafter referred to as "Plaintiffs"), present this response to this Honorable Court's Order (R. Doc. 4550-1). Plaintiffs have a design defect claim against the Defendants under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et al.*, (hereinafter referred to as "LPLA"). Plaintiffs filed a Complaint for Damages on December 22, 2011, to recover damages resulting from the use of a prescription drug. This matter was consolidated into a Multi-District Litigation in New Jersey. Plaintiff, Juanita Bordelon, was prescribed and began taking Fosamax upon direction of her physician, and she continued to take the medicine as prescribed. On or about May 28, 2011, Mrs. Bordelon suffered a fracture of her right femur, which is the classic Fosamax injury, as a result of her use of the drug Fosamax. Mrs. Bordelon set forth in her complaint that Merck, Sharp, & Dohme Corp. (hereinafter referred to as "Merck") failed to provide a reasonable product as a result of the design defect of the prescription medication. Plaintiffs set forth they have claim against Merck for Products Liability under the laws

1

of Louisiana where this matter was originally filed. Plaintiffs have presented this information in their complaint for damages, and Plaintiffs' complaint is seeking to bring claims against Merck and the other defendants to recover damages.

To state a claim under the LPLA, a plaintiff must plead facts in support of each of the following elements of an LPLA claim:

> (1) that the defendant is a manufacturer of the product;
>
> (2) that the claimant's damage was proximately caused by a characteristic of the product;
>
> (3) that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and
>
> (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Scianneaux v. St. Jude Med. S.C., Inc.*, 961 F. Supp. 2d 808, 813 (E.D. La. 2013). The Louisiana Product Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damage caused by their products. The LPLA offers four theories of liability under which the claimant may recover: manufacturing defect, design defect, failure to warn and express warranty." La. Rev. Stat. § 9:2800:54(B)(1)-(4). Under each theory, plaintiffs bear the burden of proving the elements of their claim. La. Rev. Stat. § 9:2800.54(D). Plaintiffs must also prove that the defect which made the product unreasonably dangerous proximately caused their claimed damages. La. Rev. Stat. § 9:2800.54 (A). To establish liability under a theory of manufacturing defect the plaintiff must prove that:

> at the time that the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.

2

La. Rev. Stat. § 9:2800.55. A product is considered "unreasonably dangerous" in satisfaction of the third element when a plaintiff shows that he suffers from a "manufacturing defect, design defect, inadequate labeling, [or when there has been a] breach of express warranty." (Rec. Doc. 30, p. 16) (citing *Scianneaux*, 961 F. Supp. 2d at 811). The LPLA provides that "[a] product is unreasonably dangerous in design if, at the time the product left its manufacturer's control":

> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and

> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

La. Rev. Stat. Ann. § 9:2800.56; *Miles v. Olin Corp.*, 922 F.2d 1221, 1226 (5th Cir. 1991); *See Morgan v. Gaylord Container Corp.*, 30 F.3d 586 (5th Cir. 1994). Additionally, to "prevail on a design defect claim, a plaintiff must establish the following elements: '(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.'" *Estate of Pruitt v. Asphalt Zipper, Inc.*, 2022 U.S. App. LEXIS 20026 (5th Cir. July 20, 2022). Finally, "to show that a product is unreasonably dangerous due to a design defect, the plaintiff must show that an alternative design could have prevented the claimed damages and that the alternative design could be feasibly implemented." *Underwood v. GM, L.L.C.*, 642 Fed. Appx. 468, 471-72 (5th Cir. 2016); La. Rev. Stat. § 9:2800.54.

In this matter, Plaintiff was prescribed the medication made by Merck, and she took the medication as prescribed by her physician. Merck manufactured the product which resulted in the fracture of Mrs. Bordelon's femur. Consumers, including Plaintiffs, who have used Fosamax for

3

treatment of osteoporosis, have several safer alternative products available to treat the conditions. Defendants knew of the significant risk of severely suppressed bone turnover, brittle bones and multiple stress fractures that could result from long-term Fosamax use. As a result of Defendants' actions, Plaintiff Juanita Bordelon had been exposed to the risks identified in her Complaint for Damages, and that those risks were the direct and proximate result of Defendants' acts, omissions, and misrepresentations. As a direct result of being prescribed Fosamax for many years, Plaintiff Juanita Bordelon has been permanently and severely injured, having suffered serious consequences from long-term Fosamax use. Plaintiff Juanita Bordelon requires and will in the future require ongoing medical care and treatment.

Plaintiff Juanita Bordelon took the medicine as prescribed by her doctor. Fosamax is defective in its design or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose, and its foreseeable risks exceed the benefits associated with its design and formulation. The fact that she suffered from fractures to her femur is self-proving the prescription medication contained a design defect, and Plaintiff intends to show other design alternatives for her treatment of her condition existed. Other alternatives could have been easily implemented by her physician. The alternatives would not have resulted in Mrs. Bordelon suffering from femur fractures. At the time the subject product left the control of the Defendants, there were practical and feasible alternative designs that would have prevented or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible, and the alternative products would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility.

As a result, Plaintiffs, Juanita Bordelon and Kenneth Bordelon, respectfully request that this Honorable Court find Plaintiffs have met the Court's burden of proof in presenting their claims to this Honorable Court. Plaintiffs respectfully request a finding that they have met this burden.

        Respectfully submitted,
**BEAHM & GREEN**

*/s/Franklin D. Beahm*
**Franklin D. Beahm, La. Bar No. 2874**
145 Allen Toussaint Boulevard, Suite 408
New Orleans, Louisiana 70124
Tel: 504.288.2000
Fax: 504.288.2099
E-mail: frank@beahm.com

*Attorneys for Plaintiffs Juanita Bordelon and Kenneth Bordelon*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 25th day of August 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.

        */s/Franklin D. Beahm*
        Franklin D. Beahm