UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FOSAMAX (ALENDRONATE SODIUM): PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No. 2243<br>Master Docket Number 08-08-KMW-MJS<br>Hon. Karen M. Williams, U.S.D.J<br><br>[~~Proposed~~] *MJS* Case Management Order No. 17 |

IT IS on this **9th** day of September, 2025 **ORDERED** as follows:

1. Defense counsel is permitted, pursuant to Federal Rule of Civil Procedure 41(b), to file an omnibus motion to dismiss with prejudice the cases in which the plaintiff has failed to produce a certification as required by Case Management Order No. 16 (Doc. 4588) ("CMO 16"). The omnibus motion shall include an exhibit listing the plaintiff name, case name, plaintiffs' counsel name, if represented, and civil action number to which the omnibus motion applies.

2. The time within which Plaintiffs' counsel shall file motions to substitute a representative for deceased Plaintiffs pursuant to Federal Rule of Civil Procedure 25(a)(1) is extended by 90 days, for a total extended deadline of 180 days from the Suggestion of Death filing date. This extension shall not apply to those Plaintiffs who have failed to provide the certification required by CMO 16 and are subject to dismissal as set forth in paragraph 1 above.

176012743.1

3. Counsel for Plaintiffs shall file the Federal Rule of Civil Procedure 25(a)(1) motions in the member case, not the main docket.

4. A phone conference is scheduled for January 12, 2026 at 10:30 am with lead defense and lead plaintiffs' counsel to obtain an update on the status of the litigation and assess the status of the stay.

5. CMO 17 is not subject to the Court's Order Staying Litigation.

Dated: Sept 9, 2025

_____
The Honorable Matthew J. Skahill, USMJ

176012743.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FOSAMAX (ALENDRONATE SODIUM): PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No. 2243<br>Master Docket Number 08-08-KMW-MJS<br>Hon. Karen M. Williams, U.S.D.J<br><br>[~~Proposed~~] Case Management Order No. 18<br>Docket Control Order |

**THIS MATTER**, having come before the Court and upon agreement of the Parties, for good cause having been shown and not subject to the Court's Order to Stay Litigation:

**IT IS** on this 9th day of September, 2025, **ORDERED** as follows:

Applicability of Order

1.   This Case Management Order ("CMO") applies to all Plaintiffs alleging personal injury (and related) claims against Defendants Merck & Co., Inc., Merck Sharp & Dohme LLC,[1] Organon & Co., and/or Organon LLC ("Merck" or "Defendants") in this Multidistrict Litigation ("MDL") who have cases pending against Merck as of the date of this CMO and who have not provided to Merck either an executed Release or a Stipulation of Dismissal with Prejudice by November 30, 2025, i.e., within 120 days of execution of the parties' Master Settlement Agreement ("Litigating Plaintiffs").

2.   Litigating Plaintiffs who represent themselves *pro se* shall be bound by the requirements of this CMO and shall fully comply with all obligations required of counsel by this CMO, unless otherwise stated.

---

[1] Defendant Merck Sharp & Dohme Corp. has merged with and is now known as Merck Sharp & Dohme LLC.

1

Requirements to Produce Specified Information

    3.    Pursuant to this Docket Control Order, Litigating Plaintiffs shall serve the following documents and/or information on Merck:

    a. <u>Plaintiff Profile Form ("PPF")</u>: If not already completed, executed, and served, the Litigating Plaintiff must comply with CMO 5 dated September 22, 2011, CMO 5A dated September 28, 2011, CMO 5B dated November 6, 2013, CMO 8 dated April 12, 2012 and CMO 15 dated August 4, 2017, which require the completion and execution of a PPF, including the completion of medical record and related authorizations attached as exhibits thereto.

    b. <u>Proof of Use of Fosamax®</u>: The Litigating Plaintiff must produce objective proof of use defined as: documentary or physical evidence, including but not limited to pharmacy records, medical insurance records and medical records from Plaintiff's prescriber(s) and/or treating providers that confirm Plaintiff's use of Fosamax® prior to the date of femur fracture as specified in Plaintiff's profile form. Self-serving affidavits and/or witness certifications or statements, including those in medical records containing self-reported use, cannot by themselves establish proof of use of Fosamax® and/or Alendronate. Where no documentary/objective evidence exists, a certification from a witness shall be submitted setting forth in detail plaintiff's evidence of proof of use, to permit a determination of whether there is sufficient documentary and/or physical evidence to establish Plaintiffs' proof of use of Fosamax® and/or Alendronate.

    c. <u>Proof of an Atypical Femur Fracture Injury</u>: The Litigating Plaintiff must provide proof that their alleged injury can qualify as an "Atypical Femur Fracture" ("AFF")

as that phrase is defined by the Second Report of the Task Force of the American Society for Bone and Mineral Research ("ASBMR") on Atypical Femur Fractures.[2] Such proof of an AFF requires either the production of radiology sufficient to evaluate the fracture vis-à-vis the ASBMR's specific radiographic features, or else the production of medical records or other evidence sufficient to enable the fracture to qualify as an AFF.

    d. <u>Theory for Proximate Causation for Post-January 2011 Label Change Injuries:</u> All Litigating Plaintiffs asserting injuries that occurred after January 31, 2011 must provide an explanation of their legal theory for proximate causation in light of the fact that their injury occurred after the January 2011 change to the Fosamax label.

<u>Deadline to Comply</u>

    4.    The time period between execution of the parties' Master Settlement Agreement and 120 days shall be referred to herein as the "Opt-In Period, which shall run from July 28, 2025 through and including November 30, 2025."

    5.    The items required by Paragraph 3 above shall be produced no later than December 30, 2025, i.e., 30 days after the conclusion of the Opt-In Period, except that for a Litigating Plaintiff for whom new counsel enters an appearance, the items required by Paragraph 3 above shall be produced no later than January 29, 2026, i.e., 60 days after the conclusion of the Opt-In Period. Litigating Plaintiffs may make an application to the Court for an extension of the production

---

[2] *See* Shane E, Burr D, Abrahamsen B, Adler RA, Brown TD, Cheung AM, Cosman F, Curtis JR, Dell R, Dempster DW, Ebeling PR, Einhorn TA, Genant HK, Geusens P, Klaushofer K, Lane JM, McKiernan F, McKinney R, Ng A, Nieves J, O'Keefe R, Papapoulos S, Howe TS, van der Meulen MC, Weinstein RS, Whyte MP. Atypical subtrochanteric and diaphyseal femoral fractures: second report of a task force of the American Society for Bone and Mineral Research. J Bone Miner Res. 2014 Jan;29(1):1-23.

176021519.1

deadline before the deadline expires but must demonstrate good cause why the deadline should be extended.

Failure to Comply

6.  Should any Litigating Plaintiff fail to comply with the applicable deadline for compliance set forth in Paragraph 5 above, or should Merck deem a Litigating Plaintiff's attempted compliance with this Order as deficient, Merck may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Before a motion to dismiss is filed, Merck shall notify the Litigating Plaintiff in writing, to their last known address or email, of their failure to comply with Paragraphs 3 and 5, setting forth any alleged deficiencies, and provide 14 days for the Litigating Plaintiff to cure the deficiencies. Litigating Plaintiff, either through counsel or, if applicable, *pro se*, shall respond to the motion within fourteen (14) days. If no response is filed within 14 days, the Court shall dismiss the Litigating Plaintiff's case with prejudice. If a response is filed within 14 days, Merck shall have 7 days to file a reply, and the Court shall rule on the motion after the completion of all briefing.

Expert Reports

7.  At an appropriate time to be determined by the Court following completion of case specific factual discovery in any non-settling case, expert report(s) will be required.

It is so **ORDERED**.

_____
The Honorable Matthew J. Skahill, USMJ